Hillsborough,
No. 4520.

LILLIAN BORTHWICK

*v.*

JOHN POELL, *Ex'r.*

Submitted October 2, 1956.
Decided November 29, 1956.

*Broderick & Broderick* for the plaintiff, furnished no brief.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* for the defendant, furnished no brief.

LAMPRON, J. On May 1, 1951, the decedent, John Jobst began to board and room in plaintiff's home and did so until September 2, 1952, a few days before his death. Plaintiff cleaned his room, fixed his meals, did his mending, washing and ironing and took care of him on two different occasions when he was ill. She testified it was agreed between them that she was to receive therefor $15 per week to be paid to her in a lump sum at John's death or at the end of 1952 and that she has not been paid.

In her specifications she claimed $982 for board, room and care for 491 days at the rate of $2 per day, plus $15 for additional expenses, a total of $997. Her claim was submitted both on an express contract and in *quantum meruit*. *Dedes* v. *Dedes,* 93 N. H. 215.

It was uncontradicted that the services for which payment is sought were rendered. There being no family relationship existing between the parties (*Johnson* v. *Johnson,* 99 N. H. 392) the evidence warranted a finding of an express contract or of an implied mutual understanding that these services were to be paid for by John Jobst. *Yeaton* v. *Skillings,* 100 N. H. 316.

There was evidence however that on May 1, 1951, when John Jobst took up residence in plaintiff's home he had a savings account with a balance of $4,325 in one bank and an account in another bank. Withdrawals averaging $338 were made from these accounts every month that he lived at plaintiff's home. Defendant testified that John "never owed any money" and that when he lived at the defendant's home for six years preceding 1949 he paid him each week. Defendant also testified that when he requested the plaintiff for John's bank book when he was taken ill "there was no discussion on the issue" of John owing her money.

This evidence was sufficient to support a verdict for defendant. Although there was evidence that John might have spent his money otherwise instead of using it to pay plaintiff, a verdict for her was not compelled. *Cf. Elwell* v. *Roper,* 72 N. H. 254, 256.

The main question in controversy was whether plaintiff had been paid for her services. Deceased's bank books showing assets which he possessed during the period in question as well as withdrawals made therefrom were properly admitted on that issue. *Blake* v. *Lord,* 90 N. H. 42, 45.

Plaintiff's motion to set aside the verdict was properly denied and there being no further exceptions of merit appearing, the order is

*Judgment for the defendant.*

All concurred.